## GUY W. RENYX, PETITIONER, v. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 23535.   Promulgated January 19, 1931.

*Herbert S. Duncombe, Esq.*, and *J. Robert Sherrod, Esq.*, for the petitioner.

*J. A. Lyons, Esq.*, for the respondent.

**OPINION.**

TRAMMELL: The respondent determined and assessed against Harman & Co., a dissolved corporation, income and profits taxes for the year 1919 in the amount of $68,835.73, and asserted liability for said taxes against the petitioner, Guy W. Renyx, as a transferee of the assets of said corporation, in the amount of $50,245. · Liability was asserted against the petitioner under the provisions of section 280 of the Revenue Act of 1926, which provides that:

SEC. 280. (a) The amounts of the following liabilities shall, except as hereinafter in this section provided, be assessed, collected, and paid in the same manner and subject to the same provisions and limitations as in the case of a deficiency in a tax imposed by this title * * *:

(1) The liability, at law or in equity, of a transferee of property of a taxpayer, in respect of the tax * * * imposed upon the taxpayer by this title or by any prior income, excess-profits, or war-profits tax Act.

The petitioner, by virtue of the right given him under section 280, has appealed to this Board to redetermine his liability as a transferee, and in this proceeding questions our jurisdiction by attacking the validity of said section. We think there is no merit on this issue. *Henry Capellini et al.*, 14 B. T. A. 1269; *Phillips* v. *Commissioner*, 42 Fed. (2d) 177; *Routzahn* v. *Tyroler*, 36 Fed. (2d) 208.

The Revenue Act of 1928, which was in effect at the time this proceeding was heard, in section 602 amended Title IX of the Revenue Act of 1924, as amended by the Revenue Act of 1926, by adding thereto section 912, as follows:

In proceedings before the Board the burden of proof shall be upon the Commissioner to show that a petitioner is liable as a transferee of property of a taxpayer, but not to show that the taxpayer is liable for the tax.

The statute last above quoted places upon the Commissioner a definite burden of proof, and until the Commissioner has discharged

that burden, the petitioner is not required to move. Our first problem, therefore, is to determine from the evidence before us whether or not the respondent has in this proceeding shown that the petitioner is liable as a transferee of the taxpayer corporation to the extent, in whole or in part, of the liability asserted. If respondent has not shown such liability, the petitioner is entitled to judgment.

The respondent contends that the petitioner received from the corporation in the taxable year the sum of $76,245 as salary or compensation for services, that the services rendered were reasonably worth only $26,000, and that the excess of $50,245 represents a distribution of corporate assets. The petitioner denies that he received assets of the corporation in any amount, and denies that $26,000 is the reasonable value of the services performed by him.

In support of his contentions and to sustain his burden of proof, the respondent offered in evidence the tax returns of the petitioner and the corporation for the taxable year. The petitioner's return discloses that he reported on the basis of cash receipts and disbursements, and that in said year he received from the taxpayer corporation as salary the sum of $76,245. Also, the corporation's return shows that the amount was claimed by it as a deduction. We are satisfied from this evidence that the petitioner received said amount. The question, then, is whether it constituted in whole or in part a distribution of corporate assets under the guise of salary. The respondent admits that $26,000 was salary. What part of the balance, if any, represents a distribution of corporate profits or assets, and thus measures the extent of the petitioner's liability as a transferee? The burden is upon the respondent to establish this fact.

The corporation's return shows that the gross income for the taxable year was $493,651.99, and that, after deducting a capital loss and all expenses except the salaries of the stockholder-officers, there remained gross profits of $235,570.02. Out of this amount, the officers paid themselves as salaries $228,487.64, leaving only $7,082.38 net profits. The stock of the corporation was owned in equal proportions by Harman, who was president, Palmer, who was secretary, and Renyx, the petitioner, who was treasurer. Each received substantially the same amount as salary. Thus it appears that after deducting from gross income the expenses of operation, they paid to themselves as salary approximately 97 per cent of the remaining profits, and that the amounts of alleged salary were substantially in proportion to stock ownership.

The conclusion most favorable to the contentions of the respondent which we may draw from these facts is that the three officers, who were also the only stockholders, in effect distributed among themselves, to some extent, the profits of the business as if it were a

partnership. We can not say, however, that the entire amount received by the petitioner as salary was a distribution of corporate assets. The evidence shows that the three stockholders, including the petitioner, were experienced salesmen of corporate securities, devoted their entire time to the affairs of the corporation, and that the earnings resulted in large part from their capable management of the business. It can not be doubted that their services were of some substantial value.

The petitioner is liable as a transferee only in the amount of the value of assets received by him, if any. It is not sufficient for the Commissioner to show that the petitioner received assets of some value, but the amount received must be shown. Otherwise, there is no basis upon which we can enter a judgment.

In *Ludwig Vogelstein*, 16 B. T. A. 947, the petitioner admitted that he was the principal stockholder in the corporation, that the company was legally dissolved, and that its assets were distributed in liquidation to him. In our opinion, at page 949, we said:

We think that the proper interpretation of section 912 of the Revenue Act of 1926, added by section 602 of the Revenue Act of 1928, is that the burden of showing the extent of the liability of a transferee of property of a taxpayer is upon the Commissioner and that the Commissioner has not borne that burden by merely showing that the petitioner, by his own admissions has received in liquidation the assets of a dissolved corporation, which itself may have been liable for the tax, without showing what value, if any, the assets in question had at that time.

In *Annie Temoyan et al., Trustees*, 16 B. T. A. 923, we said:

It is evident that the statute places a real burden upon the Commissioner. He must establish the liability of the transferee against whom he proposes to proceed. He must establish all facts necessary to show that there is a liability at law or in equity on the part of that transferee for the payment of the whole or a part of the liability. This burden is not met by such an indifferent showing of the facts as we have here.

We applied the same rule in *Angier Corporation*, 17 B. T. A. 1376, 1382. See also *Phil Gleichman*, 17 B. T. A. 147; *Joseph A. Steinle, Administrator, et al.*, 19 B. T. A. 325.

The respondent having failed to prove that the petitioner is liable as a transferee of property of the taxpayer for the whole or any definite portion of the tax of the taxpayer corporation, it is unnecessary to decide any of the other issues raised by the pleadings.

Reviewed by the Board.

*Judgment will be entered for the petitioner.*

---

BLACK, dissenting: I dissent from the majority opinion of the Board because I believe the respondent has met the burden of proof

required of him by the statute cited. The opinion of the majority in determining there was no liability of the petitioner as transferee, assumes for the purpose of that discussion that the tax liability of $68,835.73 asserted by the Commissioner against the transferor corporation, Harman & Co., for 1919 is correct. Assuming that fact to be correct, is petitioner liable as transferee under section 280 of the Revenue Act of 1926?

The findings of fact preceding the majority opinion are not in my judgment as full as the evidence justifies. This findings of fact should show that after disbursing to its officers, Harman, Palmer, and Renyx, $228,487.64 in salaries in 1919, the transferor corporation, Harman & Co., had on December 31, 1919, assets and liabilities as follows:

| Assets | | Liabilities | |
|---|---|---|---|
| Accounts receivable | $9,050.87 | Accounts payable | $5,201.81 |
| Cash | 1,395.83 | Reserve against law suit | 7,738.00 |
| United States Liberty bonds | 12,000.00 | Capital stock | 6,000.00 |
| Organization good will | 6,000.00 | Surplus | 9,506.39 |
| Total | 28,446.20 | Total | 28,446.20 |

In determining the question of solvency or insolvency of the transferor corporation the liability for taxes must be considered, although such liability may have been unknown at the time the transfer took place. A tax retroactively and subsequently levied is a potential liability of a corporation, of which the stockholders must take notice. *United States* v. *Keaton*, 26 Fed. (2d) 227; *Updike* v. *United States*, 8 Fed. (2d) 913.

So, taking into consideration that the tax liability for 1919 is $68,838.73, and that the respondent proved at the hearing that all of the assets of the transferor corporation, including organization good will carried on its books at $6,000, were only valued at $28,546.20 December 31, 1919, has respondent sustained the burden of proof as to the insolvency of the corporation? I think he has. But the petitioner contends and the majority opinion seems to hold that, conceding this distribution in 1919 of $228,487.64 to these three stockholders created a condition of insolvency, nevertheless such distribution was salary to these officers and the burden of proof is on the Commissioner to show that such distribution was not in fact a distribution as salaries, but was part salaries and the balance a dividend distribution to the stockholders. I do not disagree with the statement that such was the proper burden of proof placed on respondent by the statute, but I think he met it at the hearing. An examination of the record will show that respondent's principal witness at the hearing was petitioner Guy W. Renyx, and by this

witness he proved that in the prior year 1918 the transferor corporation, Harman & Co., paid to its three officers, Palmer, Harman, and Renyx, salaries of $28,000 each and that these amounts were deducted as a business expense by the corporation in its 1918 return and were allowed by the Commissioner. So, considering this evidence and also the evidence as to the duties performed by the petitioner as treasurer of the corporation in the taxable year involved, along with the volume of business done in 1919, as set out in the findings of fact, I consider the evidence establishes that petitioner's services were worth no more in 1919 than the same salary which was paid him in 1918, which was $28,000. I think a finding on the part of this Board that $28,000 salary to each of the transferor corporation's officers, Harman, Palmer, and Renyx, in 1919 was as much as they were entitled to receive would be liberal enough in view of the fact that the corporation's return for 1919, which was introduced in evidence by respondent, showed that each of the above three officers devoted one-third full time to the corporation's business. Therefore, it is my opinion that, after making allowance for $28,000 salary to petitioner in 1919, the balance of $76,245 which he received was in fact a distribution of profits in the form of a dividend, and this distribution along with similar distributions made to the other two stockholders, Palmer and Harman, rendered the corporation insolvent, when its tax liability for 1919 is taken into consideration. Therefore, I believe the respondent has met the burden of proof required of him by the statute and has shown that petitioner is a transferee of assets within the meaning of section 280 of the Revenue Act of 1926.

LANSDON and SMITH agree with this dissent.